IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ACC CONSTRUCTION CO., INC., *Plaintiff*, v. ROBERTSON-CECO II CORPORATION, d/b/a CECO BUILDING SYSTEMS, *et al.*, *Defendants.* | CIVIL ACTION NO. 5:23-cv-00356-TES |

**ORDER**

Before the Court are Plaintiff ACC Construction Company's Motion to Dismiss [Doc. 45] and Defendant Robertson-CECO II Corporation's Motion to Amend [Doc. 48]. ACC initiated this diversity action by filing a Complaint [Doc. 1] on September 18, 2023, asserting claims for breach of contract, promissory estoppel, negligence, declaratory judgment, and attorneys' fees against multiple Defendant—including Robertson-CECO—related to a U.S. Army Corps of Engineers construction project at Robins Air Force Base.

As explained in further detail below, with the parties' consent, the Court **GRANTS** Defendant Robertson-CECO's Motion to Amend [Doc. 48] and **DIRECTS** the Clerk of Court to file the proposed Amended Answer and Counterclaim [Doc. 48-2] on the docket, and **DENIES as moot** Plaintiff ACC's Motion to Dismiss [Doc. 45]. The

Court then **ORDERS** ACC to file an amended complaint correcting its allegation regarding Robertson-CECO's corporate identity, state of incorporation, and principal place of business **within five days of the date of this Order**.

## BACKGROUND

On February 11, 2025, on joint motion by the parties, the Court granted a 90-day stay to allow mediation. [Doc. 35]. Mediation occurred on April 22, 2025. [Doc. 45, ¶ 45]. ACC settled its claims with Defendants Jerry Herron d/b/a HHH Building Sales, H3Co Systems LLC, and Southern Brothers Ironworks LLC, but was unable to resolve its dispute with Robertson-CECO. [*Id.* at ¶ 46]. As part of the settlement, HHH assigned to ACC any legal claims it might have against Robertson-CECO. [*Id.*]. On motion by ACC, the Court dismissed ACC's claims against HHH, H3Co Systems, and Southern Brothers Ironworks. [Doc. 38]; [Doc. 39].

Following the mediation and resulting settlement, ACC moved to amend its Complaint on May 15, 2025, to add the assigned claims. [Doc. 36]. Robertson-CECO informed the Court via email that it would not oppose ACC's amendment, and the Court granted ACC leave to amend on May 23, 2025—making the First Amended Complaint [Doc. 37] the operative pleading. [Doc. 40].

Then, Robertson-CECO filed its Answer [Doc. 43] and asserted its own claims against HHH for breach of contract, failure to defend and indemnify, and contribution. On July 1, 2025, ACC moved to dismiss Robertson-CECO's cross-claims. [Doc. 45].

Robertson-CECO responded by filing a Motion to Amend its Answer [Doc. 48] [1] on July 21, 2025, and a Response in Opposition to ACC's Motion to Dismiss [Doc. 51] the next day.

ACC filed a Response [Doc. 52] opposing Robertson-CECO's Motion to Amend on July 31, 2025.

The Court held a hearing on the pending Motion to Dismiss and Motion to Amend on August 12, 2025, in Macon. [Doc. 53]. At the hearing, the parties agreed to meet to discuss possible settlement and next steps, and the Court instructed the parties to report back by Thursday, August 14, 2025. [*Id.*]. The Court also ordered that the Fourth Amended Scheduling Order's dispositive-motion deadline be moved to October 1, 2025. [*Id.*].

### A.    Robertson-CECO's Motion to Amend

Robertson-CECO moves to amend its Answer to add claims against HHH, chiefly arguing that Rule 15(a)(2)'s liberal standard applies, it sought leave to amend promptly after ACC asserted the assigned claims, and justice favors adjudicating its claims against HHH on the merits. [Doc. 48, pp. 6, 8]; *see* [Doc. 48-2]. Moreover, the parties reported back to the Court via email on August 14, 2025, and informed the Court that they had agreed that all claims relating to the assignment should be allowed.

---

[1] The same day, Robertson-CECO filed an Amended Answer and Counterclaim [Doc. 49], which the Court struck as premature since ACC Construction had not consented and the Court had not ruled on Robertson-CECO's Motion to Amend. [Doc. 50].

3

Having reviewed the record, the relevant law, and the parties' agreement that these claims should be allowed, the Court finds that amendment is appropriate. Even if Rule 16(b)'s more onerous good-cause standard applies here—as ACC argued in its brief, [Doc. 52, ¶ 53]—the Court finds that Robertson-CECO's Motion should be granted under any arguably applicable standard. Thus, the Court **GRANTS** Robertson-CECO's Motion to Amend [Doc. 48] and **DIRECTS** the Clerk of Court to file the proposed Amended Answer and Counterclaim [Doc. 48-2] on the docket.

### B.     ACC's Motion to Dismiss

Having granted Robertson-CECO's Motion to Amend, the Court turns to ACC's Motion to Dismiss. *See* [Doc. 48]; [Doc. 45]. Under federal law, an amended pleading supersedes the initial pleading "and becomes the operative pleading in the case." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted). In other words, "the original pleading is abandoned by the amendment, and [it] is no longer a part of the pleader's averments against his adversary." *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation omitted); *see also Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).

An abandoned pleading retains legal effect only if the amended pleading "specifically refers to or adopts the earlier pleading." *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (citation omitted). Absent such incorporation, the filing of an amended pleading renders moot any "motion to dismiss

the original [pleading] because the motion seeks to dismiss a pleading that has been superseded." *Wimberly v. Broome*, No. 6:15-cv-23, 2016 WL 3264346, at *1 (S.D. Ga. Mar. 29, 2016) (collecting cases).

Here, the Court reviewed Robertson-CECO's proposed "Amended Answer and Counterclaim" and found no reference to, or adoption of, any allegations set forth in its original Answer to ACC's First Amended Complaint. *Compare* [Doc. 48-2], *with* [Doc. 43].

Because the Amended Answer and Counterclaim is now Robertson-CECO's sole operative pleading in this case, the Court **DENIES** ACC's Motion to Dismiss [Doc. 45] **as moot**. *See Wimberly*, 2016 WL 3264346, at *1; *Taylor v. Alabama*, 275 F. App'x 836, 838 (11th Cir. 2008); [Doc. 48-2].

## C.     Subject Matter Jurisdiction

The Amended Answer and Counterclaim won't remain Robertson-CECO's operative pleading for long, though. ACC invokes the Court's diversity jurisdiction, which requires completely diverse parties, *see Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998), and an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). ACC adequately alleges that it is a citizen of Georgia for the purposes of diversity jurisdiction, but it fails to properly allege Robertson-CECO's citizenship.  *See* 28 U.S.C. § 1332(c)(1). The Court has a duty to inquire into its own subject matter jurisdiction whenever it might be lacking. *Univ. of S.*

*Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

The First Amended Complaint alleges that Robertson-CECO "is a Texas *limited liability company* having a principal place of business in Texas." [Doc. 37, ¶¶ 1, 5 (emphasis added)]. This is insufficient to allege that Robertson-CECO is "deemed to be a citizen of" Texas for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (explaining that an LLC is a citizen of any state of which a member of the LLC is a citizen, and to sufficiently allege the citizenships of these unincorporated business entities, a party must identify the citizenships of the members of the LLC). Robertson-CECO's Corporate Disclosure Statement [Doc. 12] states that it "is a Delaware corporation whose principal place of business is" in Texas, so the Court was satisfied that ACC and Robertson-CECO were citizens of different states—at least initially.

That changed at the August 12 hearing, when Robertson-CECO's counsel raised a concern that its Corporate Disclosure Statement might be incorrect. In his post-hearing report back to the Court, counsel informed the Court that while Robertson-CECO is indeed a Delaware corporation, its principal place of business is in North Carolina.

ACC is clearly a citizen of Georgia for diversity purposes, so whether Robertson-CECO's principal place of business is in Texas or North Carolina, the parties are completely diverse. *see Triggs*, 154 F.3d at 1287; 28 U.S.C. § 1332(a)(1). The Court is satisfied its jurisdictional belt is secure, but it will require ACC to add suspenders by

6

filing a clarifying amended complaint. To that end, the Court **ORDERS** ACC to file an amended complaint correcting its allegation regarding Robertson-CECO's corporate identity, state of incorporation, and principal place of business **within five days of the date of this Order**.

## CONCLUSION

Accordingly, the Court **GRANTS** Defendant Robertson-CECO's Motion to Amend [Doc. 48] and **DIRECTS** the Clerk of Court to file the proposed Amended Answer and Counterclaim [Doc. 48-2] on the docket. Because that pleading supersedes Robertson-CECO's previous pleadings, the Court **DENIES as moot** Plaintiff ACC's Motion to Dismiss [Doc. 45]. Finally, so that the record clearly reflects that the parties are completely diverse, the Court **ORDERS** ACC to file an amended complaint correcting its allegation regarding Robertson-CECO's corporate identity, state of incorporation, and principal place of business **within five days of the date of this Order**. Defendant Robertson-CECO shall file its answer and counterclaim **within five days of the date ACC files its amended complaint**.

**SO ORDERED**, this 15th day of August, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**